08/09/2013 No objections filed. Motion allowed.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|   |   |
|---|---|
| IN RE: ) | |
| ) | |
| RICHARD P. LUSSIER ) | CHAPTER 7 |
| ) | |
| ) | CASE NO. 11-19857-JNF |
| ) | |
| DEBTOR. ) | |
| ) | |

**MOTION OF CHAPTER 7 TRUSTEE TO COMPROMISE CONTROVERSY REGARDING DEBTOR'S CLAIMS AGAINST 555 CORPORATION AND MITCHELL MASSIWER**

TO THE HONORABLE BANKRUPTCY JUDGE:

Donald R. Lassman, the duly appointed Chapter 7 Trustee ("**Trustee**") in this matter, requests that the Court approve a compromise between the Trustee and 555 Corporation and Mitchell Massiwer (collectively hereinafter "**Massiwer**") providing for the settlement of any and all claims that Trustee has against Massiwer, including but not limited to the claims described in a law suit commenced by the Debtor before this Chapter 7 bankruptcy case was filed on or about May 27, 2010 in Bristol County Superior Court at Civil Action No. 10-0650-A-CV (the "**Litigation**"). The amount of the settlement payment being made to the Trustee is $22,500.00 and in return for this payment the Litigation will be dismissed with prejudice and the Trustee and Massiwer will exchange the mutual releases included in a Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, all as more fully described below. In support of this compromise, the Trustee states as follows:

1. The Debtor's Chapter 7 proceeding was commenced on October 19, 2011. The Trustee was appointed to serve in this case on October 20, 2011 and the First Meeting of Creditors pursuant to §341 of the United States Bankruptcy Code was conducted by the Trustee on December 7, 2011.
2. The Debtor included claims in the Litigation as an asset of the Bankruptcy Estate on Schedule B at item 21 and listed the value as "Undetermined". The Debtor does not claim an exemption in the claims made in the Litigation.
3. The Trustee reviewed materials relating to the Litigation in an effort to determine a strategy to liquidate the Debtor's claims in a manner that would be most beneficial to the creditors of the Bankruptcy Estate and, in that regard, decided to hire Richard C. Bardi, Esq. to pursue the claims made in the Litigation. Mr. Bardi is the same attorney that the Debtor had hired to represent him prior to the